# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 6:12-cv-369 |
| v. | )<br>)<br>) |
| **T-MOBILE USA, INC.,** | ) **JURY TRIAL DEMANDED** |
| Defendant. | )<br>)<br>) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendant, T-Mobile USA, Inc. ("defendant" or "T-Mobile"), as follows:

## THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75007.

2. On information and belief, T-Mobile is a Delaware corporation with a principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile also regularly conducts business in this judicial district, including at 601 W. 15th St., Suite 102, Plano, Texas 75075, 811 N. Central Expressway, Suite 2305, Plano, Texas 75075 and 1110 Parker Road East, Suite C, Plano, Texas 75074. T-Mobile's registered agent for service of process in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

06018791

## JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b).  On information and belief, defendant has purposely transacted business in this judicial district and/or has committed acts of direct and/or indirect infringement in this judicial district.

5.   On information and belief, defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in others persistent causes of conduct, and/or deriving substantial revenue from goods, including cellphones and cellphone networks, and services, including cellphone network services, provided to persons and other entities in Texas and this judicial district.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,146,172)

6.   ADAPTIX is the owner by assignment of United States patent number 7,146,172, entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE CLUSTER CONFIGURATION AND SWITCHING" ("the '172 patent") with ownership of all substantial rights in the '172 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '172 patent is attached as Exhibit A.

7. On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district, elsewhere in Texas and/or the United States by, among other things, making, using, offering for sale, selling and/or importing multi-carrier communications devices and systems with adaptive cluster configuration and switching, including without limitation wireless infrastructure equipment including base stations which, at a minimum, directly infringe the '172 patent. T-Mobile is thereby liable for direct infringement of the '172 patent pursuant to 35 U.S.C. § 271. T-Mobile's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until T-Mobile is enjoined.

8. Defendant directly contributes to and induces infringement through supplying infringing wireless infrastructure equipment including base stations for use by customers. Defendants' customers who use such systems and components thereof in accordance with defendant's instructions directly and/or indirectly infringe one or more claims of the '172 patent in violation of 35 U.S.C. § 271.

9. The infringement by defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,870,808)

10. ADAPTIX is the owner by assignment of United States patent number 6,870,808, entitled "CHANNEL ALLOCATION IN BROADBAND ORTHOGONAL FREQUENCY-DIVISION MULITPLE-ACCESS/SPACE-DIVISION MULTIPLE-ACCESS NETWORKS" ("the '808 patent") with ownership of all substantial rights in the '808 patent,

including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '808 patent is attached as Exhibit B.

11.     On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district, elsewhere in Texas and/or the United States by, among other things, making, using, offering for sale, selling and/or importing communications devices that allocate channels in broadband orthogonal frequency-division multiple-access/space-division multiple access networks, including without limitation wireless infrastructure equipment including base stations which, at a minimum, directly infringe the '808 patent.  T-Mobile is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

12.     Defendant directly contributes to and induces infringement through supplying infringing wireless infrastructure equipment including base stations for use by customers. Defendants' customers who use such systems and components thereof in accordance with defendant's instructions directly and/or indirectly infringe one or more claims of the '808 patent in violation of 35 U.S.C. § 271.

13.     The infringement by defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 7,573,851)

14.     ADAPTIX is the owner by assignment of United States patent number 7,573,851 entitled "METHOD AND SYSTEM FOR SWITCHING ANTENNA AND

CHANNEL ASSIGNMENTS IN BROADBAND WIRELESS NETWORKS" ("the '851 patent") with ownership of all substantial rights in the '851 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '851 patent is attached as Exhibit C.

15. On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district, elsewhere in Texas and/or the United States by, among other things, making, using, offering for sale, selling and/or importing communication systems and devices for switching antenna and channel assignments in broadband wireless networks, including without limitation wireless infrastructure equipment including base stations which, at a minimum, directly infringe the '851 patent. T-Mobile is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271. T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

16. Defendant directly contributes to and induces infringement through supplying infringing wireless infrastructure equipment including base stations for use by customers. Defendants' customers who use such systems and components thereof in accordance with defendant's instructions directly and/or indirectly infringe one or more claims of the '851 patent in violation of 35 U.S.C. § 271.

17. The infringement by defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 6,904,283)

18. ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MULTI-CARRIER COMMUNICATIONS WITH GROUP-BASED SUBCARRIER ALLOCATION" ("the '283 patent") with ownership of all substantial rights in the '283 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '283 patent is attached as Exhibit D.

19. On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district, elsewhere in Texas and/or the United States by, among other things, making, using, offering for sale, selling and/or importing multi-carrier communications systems and devices with group-based subcarrier allocation, including without limitation wireless infrastructure equipment including base stations which, at a minimum, directly infringe the '283 patent.  T-Mobile is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

20. Defendant directly contributes to and induces infringement through supplying infringing wireless infrastructure equipment including base stations for use by customers. Defendants' customers who use such systems and components thereof in accordance with defendant's instructions directly and/or indirectly infringe one or more claims of the '283 patent in violation of 35 U.S.C. § 271.

21. The infringement by defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the

parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 7,072,315)

22. ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MEDIUM ACCESS CONTROL FOR ORTHOGONAL FREQUENCY-DIVISION MULTIPLE-ACCESS (OFDMA) CELLULAR NETWORKS" ("the '315 patent") with ownership of all substantial rights in the '315 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '315 patent is attached as Exhibit E.

23. On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district, elsewhere in Texas and/or the United States by, among other things, making, using, offering for sale, selling and/or importing orthogonal frequency-division multiple-access cellular networks with medium access control, including without limitation wireless infrastructure equipment including base stations which, at a minimum, directly infringe the '315 patent. T-Mobile is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271. T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

24. Defendant directly contributes to and induces infringement through supplying infringing wireless infrastructure equipment including base stations for use by customers. Defendants' customers who use such systems and components thereof in accordance with defendant's instructions directly and/or indirectly infringe one or more claims of the '315 patent in violation of 35 U.S.C. § 271.

25. The infringement by defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that defendant has infringed the '172, '808, '851, '283 and '315 patents as aforesaid;

B. A permanent injunction enjoining defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '172, '808, '851, '283 and '315 patents pursuant to 35 U.S.C. § 283;

C. Judgment and order requiring defendant to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D. Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date:  June 5, 2012          **ADAPTIX, INC.**

By: /s/ Paul J. Hayes (w/permission Wesley Hill)
Paul J. Hayes – LEAD ATTORNEY
Dean G. Bostock
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: dbostock@hbcllc.com

T. John Ward, Jr.
Texas State Bar. No. 00794818
J. Wesley Hill
Texas State Bar. No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR THE PLAINTIFF ADAPTIX, INC.**