IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ADAPTIX, INC. | § | |
| --- | --- | --- |
| | § | |
| V. | § | 6:12cv369 |
| | § | LEAD CASE |
| T-MOBILE USA, INC. | § | |

| ADAPTIX, INC. | § | |
| --- | --- | --- |
| V. | § | No. 6:13cv49 |
| ERICSSON INC., ET AL. | § | CONSOLIDATED CASE |

| ADAPTIX, INC. | § | |
| --- | --- | --- |
| V. | § | No. 6:13CV50 |
| ERICSSON INC., ET AL. | § | CONSOLIDATED CASE |

## MEMORANDUM ORDER ADOPTING
## THE REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

These consolidated cases were referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.[1] The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of the case has been presented for consideration. Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Defendants") filed objections to the Report and Recommendation. Adaptix, Inc. ("Plaintiff") filed a response to

---

[1] On October 28, 2014, the Court granted the parties' motion to consolidate Cause Nos. 6:13cv49 and 6:13cv50 with the first-filed action, Cause No. 6:12cv369. All future filings are to be filed in 6:12cv369. However, considering the October 2, 2014 Report and Recommendation and Defendants' objections thereto have only been filed in 6:13cv49 and 6:13cv50, the Court includes all three cases in the header and will instruct the Clerk of the Court to file this Order in all three cases.

Defendants' objections. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiff filed the above patent infringement suits against Defendant Ericsson, T-Mobile USA, Inc., AT&T Mobility LLC, AT&T Inc., and MetroPCS Communications, Inc., asserting the defendants infringe certain of the following patents: U.S. Patent No. 7,146,172 ("'172 Patent"), U.S. Patent No. 7,573,851 ("'851 Patent"), U.S. Patent No. 6,904,283 ("'283 Patent"), U.S. Patent No. 7,072,315 ("'315 Patent"), and U.S. Patent No. 6,870,808 ("'80 Patent"). Plaintiff filed the first lawsuit against T-Mobile on June 5, 2012. *See* Cause No. 6:12cv369. On January 10, 2013, Plaintiff sued Ericsson, AT&T, and MetroPCS. *See* Cause Nos. 6:13cv49 and 50.

On February 19, 2014, in Cause Nos. 6:13cv49 and 6:13cv50, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), and/or 19 for lack of constitutional and prudential standing. The Magistrate Judge issued a Report and Recommendation on October 2, 2014, recommending Defendants' motion be denied.

## REPORT AND RECOMMENDATION

In the October 2, 2014 Report and Recommendation, the Magistrate Judge first found Plaintiff has constitutional standing. The Magistrate Judge then considered whether Rule 19(a) requires that Samsung be joined as a necessary party. The Magistrate Judge noted, among other things, that Samsung's option under the Confidential License Agreement ("Agreement") expired as of April 24, 2014. According to the Magistrate Judge, this lapsed option was the focus of Defendants' motion to dismiss. Considering the option had lapsed and further considering the reasoning of the Administrative Law Judge ("ALJ") in a related ITC investigation, the Magistrate

Judge found Samsung is a "bare, non-exclusive licensee with limited rights to the Asserted Patents, including the now-expired option to purchase the right to grant a sublicense to Ericsson." Report and Recommendation at pg. 17. The Magistrate Judge found Samsung's remaining rights under the Agreement and the amendment to the Agreement were insufficient to require joinder of Samsung.

## **OBJECTIONS**

Defendants object to the Magistrate Judge's finding that Plaintiff has standing, asserting Plaintiff's right to exclude was rendered illusory by Samsung's right to grant royalty-free sublicenses pursuant to the November 15, 2011 Agreement entered into by Plaintiff and Samsung, as later amended on August 6, 2012. Specifically, Defendants assert that regardless of the status of Samsung's option now, "Samsung's ability to grant royalty free sublicenses when these cases were filed dictates a ruling that [Plaintiff] lacked constitutional standing to bring these suits, and the lack of constitutional standing at the time these lawsuits were filed cannot be cured. Objections at pgs. 1, 3.

Defendants attempt to distinguish *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010), relied upon by the ALJ in the ITC investigation and by the Magistrate Judge in the October 2 Report and Recommendation. Among other things, Defendants contend that unlike the licensee in the *Mann* case, "as of the filing of these cases, Samsung had the ability to grant a sublicense to Ericsson on any terms it chose, including granting royalty free sublicenses," rendering Plaintiff's right to sue illusory. Objections at pg. 2. Defendants further assert that unlike the *Mann* case, here upon "initiating the suits required by the amended agreement, [Plaintiff] did not have the ability to discontinue the suits. Instead, [Plaintiff] was required to provide an opportunity for Samsung to exercise its option before [Plaintiff] could accept any license

3

agreements or discontinue litigation against any of the four listed companies (including [Defendants]).” *Id.* at pg. 3.

## *DE NOVO* REVIEW

The Court, having reviewed the relevant briefing, the Report and Recommendation, Defendants' objections, and Plaintiff's response to the objections, finds Defendants' objections without merit. In their objections, Defendants raise the same arguments that were previously rejected by the ALJ in the ITC investigation and the Magistrate Judge. Despite its attempts to distinguish the *Mann* case relied upon by both the ALJ in the ITC investigation and the Magistrate Judge, the Court agrees with the Magistrate Judge that Samsung's limited right to bring suit against two third parties does not divest Plaintiff, the undisputed owner of the Asserted Patents, of standing.

The Court adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that The Ericsson Defendants' Motion to Dismiss for Plaintiff's Lack of Constitutional and Prudential Standing (Dkt. Nos. 95, 93 in Cause Nos. 6:12cv49 and 50) are **DENIED.**

**It is SO ORDERED.**

**SIGNED this 5th day of November, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE