**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | |
| **V.** | § | **No. 6:12cv22** |
| | § | **CONSOLIDATED CASE** |
| **ALCATEL-LUCENT USA, INC., ET AL.** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | |
| **V.** | § | **No. 6:12cv369** |
| | § | **CONSOLIDATED CASE** |
| **T-MOBILE USA, INC., ET AL.** | § | |

## MEMORANDUM ORDER ADOPTING
## THE REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

These above consolidated cases were referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of the case has been presented for consideration. Plaintiff Adaptix, Inc. ("Adaptix") filed objections to the July 16, 2015 Report and Recommendation regarding Adaptix's Motion for Partial Summary Judgment that Pursuant to 35 U.S.C. § 103(c), United States Patent No. 7,072,315 is Not Prior Art to the '808 Patent. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Defendants allege United States Patent No. 7,072,315 (the "'315 patent") is prior art to the '808 patent-in-suit. Adaptix moves for partial summary judgment, asserting the '315 patent is not prior art to the '808 patent under 35 U.S.C. § 103(c).

1

## REPORT AND RECOMMENDATION

The Magistrate Judge issued a Report and Recommendation on July 16, 2015, recommending Adaptix's motion for partial summary judgment be denied. The Magistrate Judge found disputed issues for trial regarding whether the claimed inventions in the '315 and '808 patents "were automatically assigned to the University of Washington ["UW"] by virtue of Dr. Liu's employment with" the University of Washington.

## OBJECTIONS

In its objections, Adaptix asserts for the first time that resolution of the "automatic assignment" issue is one of contract interpretation; thus, whether the '315 patent is prior art turns on a purely legal issue. During the briefing before the Magistrate Judge, Adaptix argued at length that given the course of conduct between Dr. Liu, one of the named inventors of the '808 patent, and the University of Washington ("UW"), UW had expressed no interest in the Adaptix patents. In its response to the objections, Defendants assert this is a factual dispute that must be resolved at trial.

## *DE NOVO* REVIEW

Broadstorm Telecommunications, Inc. ("Broadstorm"), predecessor to Adaptix, filed the application for the '808 patent on October 18, 2000. Dr. Liu was employed by UW when he claimed inventorship of the both the '808 and '315 patents. Dr. Liu joined UW as an assistant professor in 1998, signing his employment agreement on August 3, 1998. The agreement has the following clause:

> As a condition of my employment with the University of Washington, **I hereby agree to** disclose to the University all discoveries and inventions made while I am

employed by the University, and **assign to the University** all discoveries and inventions in which the University has an interest.

(Dkt No. 302-5).

Defendants argue any invention Dr. Liu developed for Broadstorm in 2000 was automatically assigned to UW by the above provision of the 1998 agreement. Adaptix argues "I hereby agree to assign" does not reflect an immediate transfer of an expectant interest in the future invention, but rather a mere promise to transfer rights in the future. According to Adaptix, although the inventor is required to assign the invention, the assignment itself does not occur until the inventor executes a separate assignment document. In the Report and Recommendation, the Magistrate Judge stated the employment agreement at issue states "agree to disclose . . ., and assign. . . ." It does not state "agree to assign" as argued by Adaptix.

Although the Magistrate Judge construed the employment agreement consistent with Defendants' position, she did not conclude that Dr. Liu's claimed inventions in the '315 and '808 patents were automatically assigned to UW by virtue of the employment agreement. Rather, she found fact issues exist regarding this issue. Importantly, pursuant to the employment agreement, the only inventions automatically assigned would be those in which the University of Washington has "an interest."[1]

In the Report and Recommendation, the Magistrate Judge considered evidence submitted by Adaptix that UW knew of Dr. Liu's work at Broadstorm and never claimed an interest in the work. However, the Magistrate Judge also considered the language of the employment agreement quoted

---

[1] According to Adaptix, the Court must now decide which inventions UW has an interest in at a bench trial because this issue raises standing concerns. Dkt. No. 440 at 5, n. 4. (citing *DDB Techs. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290-92 (Fed.Cir.2008)). The Court will hear such arguments at the scheduled evidentiary hearing on standing issues, which is currently set for November 18, 2015.

above as well as the related "University Patent, Invention, and Copyright Statement," which provides that "the University has a valid interest" in Dr. Liu's discovery or invention of patentable items. Dkt. No. 407 at 5. The Magistrate Judge considered Dr. Liu's employment history, noting the various full and partial leaves of absence from UW (some paid, some unpaid). The Magistrate Judge further noted that Dr. Liu was expected to continue his research duties for UW during the period when he claims to have conceived the purported inventions.

Viewing all of the evidence in the light most favorable to Defendants and drawing all inferences in Defendants' favor, the Court does not find the issue is purely one of contract interpretation. The Court agrees with the Magistrate Judge there are disputed issues of fact on this issue.[2] The Court, having reviewed the relevant briefing, the Report and Recommendation, the objections, and the response to the objections, finds Adaptix's objections without merit and adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Plaintiff Adaptix, Inc.'s Motion for Partial Summary that Pursuant to 35 U.S.C. § 103(c) United States Patent No. 7,072,315 in Not Prior Art to United States Patent No. 6,870,808 (Dkt Nos. 270 & 171) is **DENIED.**

SIGNED this 22nd day of September, 2015.

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[2] The issue still remains whether the '315 patent can be considered prior art based on the same inventive entity arguments raised by Adaptix in Adaptix's objection to Judge Craven's ruling. *See* Docket No. 500.